STATE OF NORTH CAROLINA v. LARRY RAY MITCHELL

No. 273A86

(Filed 9 November 1989)

**Constitutional Law § 46 (NCI3d)— capital case—new trial—withdrawal of counsel—appointment of new counsel**

    There was no error in the trial court's findings and conclusions that the two attorneys who represented defendant at his original trial and on appeal have rendered and would render competent and effective assistance to defendant with regard to the charges against him. However, given the gravity of the capital charge against defendant and the representations of his counsel that he will no longer communicate effectively with them, the Supreme Court, in the exercise of the supervisory authority granted it by Art. IV, § 12 of the N. C. Constitution, elects to remand the case to the superior court for entry of an order allowing counsel for defendant to withdraw and for appointment of new counsel and assistant counsel to represent defendant at his retrial.

**Am Jur 2d, Criminal Law §§ 967 et seq.**

ON certiorari to review an order entered by *Wood, J.,* in Superior Court, SURRY County, on 15 June 1988. Heard in the Supreme Court 11 September 1989.

STATE v. MITCHELL

[325 N.C. 539 (1989)]

*Lacy H. Thornburg, Attorney General, by John H. Watters, Assistant Attorney General, for the State.*

*James L. Dellinger, Jr. and Terry L. Collins for the defendant-petitioner.*

PER CURIAM.

The defendant was convicted of first-degree murder, armed robbery, aiding and abetting armed robbery and conspiracy and sentenced to death at the 17 March 1986 session of Superior Court, Surry County. This Court granted the defendant a new trial. *State v. Mitchell*, 321 N.C. 650, 365 S.E.2d 554 (1988). Thereafter, on 29 July 1988, counsel who had represented the defendant during his trial and on appeal, James L. Dellinger, Jr., Esq., and Terry L. Collins, Esq. filed a motion to withdraw as counsel for the defendant on the ground that the defendant's animosity toward them and refusal to cooperate with them would, in all probability, render them unable to provide him effective representation at a new trial. The trial court denied the motion of counsel to withdraw on the ground that there was no evidence to support any concern of ineffective assistance of counsel in light of the competent and effective representation counsel had rendered the defendant, including having obtained a new trial ón all charges pending against him. We allowed certiorari to review this order of the trial court.

We find no error in the trial court's findings and conclusions to the effect that Mr. Dellinger and Mr. Collins have rendered and would render competent and effective assistance to the defendant with regard to the charges against him. Given the gravity of the capital charge against the defendant and the representations of his counsel that he will no longer communicate effectively with them, however, this Court, in the exercise of the supervisory authority granted it by article IV, section 12 of the Constitution of North Carolina, elects to remand this case to the Superior Court, Surry County, with instructions to enter an order allowing counsel for the defendant to withdraw. The trial court is also instructed to appoint counsel and assistant counsel as provided by law in capital cases to represent the defendant at his new trial.

Remanded with instructions.